HELENE N. WHITE, Circuit Judge,
concurring.
I concur in the affirmance on the basis that the Ohio appellate court’s decision was not an unreasonable application of Waller v. Georgia, 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984), because Nolan’s remedy for the alleged erroneous courtroom closure would be a public voir dire hearing, and granting a new, public hearing to examine Martin would be futile.
I write separately, however, to address the trial court’s justification for the courtroom closure. In Waller, the Supreme Court held that in order to justify a courtroom closure,
the party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced, the closure must be no broader than necessary to protect that interest, the trial court must consider reasonable alternatives to closing the proceeding, and it must make findings adequate to support the closure.
467 U.S. at 48, 104 S.Ct. 2210. The majority correctly notes that “a trial court’s failure to consider reasonable alternatives to courtroom closure when a defendant objects violates Waller’s guidelines.” Maj. Op. 380 n. 3 (citing Presley v. Georgia, 558 U.S. 209, 214, 130 S.Ct. 721, 175 L.Ed.2d 675 (2010) (per curiam)). “The conclusion that trial courts are required to consider alternatives to closure even when they are not offered by the parties is clear ... from [the Supreme] Court’s precedents.” Presley, 558 U.S. at 214, 130 S.Ct. 721.
Here, the trial court made no findings to support a determination that the complete courtroom closure during Martin’s examination at the hearing was necessary as opposed to a more narrowly tailored alternative. The trial court’s failure to consider reasonable alternatives to closure as required under Waller cannot be cured by its proper consideration of the remaining Waller factors. See id. at 216, 130 S.Ct. 721 (“[E]ven assuming, arguendo, that the trial court had an overriding interest in closing voir dire, it was still incumbent upon it to consider all reasonable alternatives to closure. It did not, and that is all this Court needs to decide [to warrant *382 reversal of the state court’s judgment to the contrary].”).